UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

INGERMAR WELCH, ET AL                    CIVIL ACTION NO. 07-CV-1474

VERSUS                                   JUDGE HICKS

MERIDIAN AUTOMOTIVE                      MAGISTRATE JUDGE HORNSBY
SYSTEMS - SHREVEPORT
OPERATIONS, INC.

## REPORT AND RECOMMENDATION

Ingermar and Reginia Welch, represented by attorney Robert Piper, filed this civil action against Mr. Welch's former employer.  The complaint asserts that Meridian Automotive Systems-Shreveport Operations, Inc. engaged in various forms of employment discrimination.  Soon after the complaint was filed, an attorney with Meridian wrote attorney Piper to confirm an extension of time to file an answer and permit Piper time to review certain information the attorney was forwarding.  Doc. 2.

About two months later, attorney Piper filed a motion to withdraw as counsel.  The motion represented that Plaintiffs had been provided a copy of their file and encouraged to immediately contact new counsel if they wished to pursue the case.  The court granted the motion to withdraw.  About two months after Plaintiffs had been advised that their attorney was withdrawing, the court issued an order (Doc. 5) that directed Plaintiffs to take one of two actions by February 19, 2008.  Plaintiffs' choices were: (1) have a new attorney enroll to represent them or (2) file a notice of intent to represent themselves.  Plaintiffs were warned:

"Failure to enroll new counsel or file the notice by February 19, 2008 will result in the dismissal of Plaintiff's case for failure to prosecute."  Doc. 5.

More than three weeks have passed since the deadline, and Plaintiffs have filed nothing.  It is impossible for the court to continue with the litigation of this employment discrimination action without the participation of Plaintiffs, so dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion under these circumstances.

Accordingly;

**IT IS RECOMMENDED** that Plaintiffs' complaint be dismissed without prejudice for failure to prosecute.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 11th day of March, 2008.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE